### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**JESSICA PAEZ,**

      **Plaintiff,**

                                    **CASE NO..:**

**v.**

**FLORIDA DEPARTMENT
OF HEALTH,**

      **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jessica Paez, by and through undersigned counsel, brings this action against Defendant, Florida Department of Health, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2.      Venue is proper in Polk County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3.      Plaintiff is a resident of Polk County, Florida.

4.      Defendant is a State of Florida executive branch state agency operating in Polk County, Florida.

### GENERAL ALLEGATIONS

5.      Plaintiff has satisfied all conditions precedent, or they have been waived.

6.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7.      Plaintiff requests a jury trial for all issues so triable.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

9.      At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

10.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FCRA.

11.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## FACTS

12.     Plaintiff began working for Defendant on October 18, 2019 as a Human Services Counselor III, and she worked in this capacity until June 19, 2020.

13.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

14.     Plaintiff continues to suffer from the aforementioned physical or mental condition.

15.     At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

16.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

17.     At all relevant times, Defendant had knowledge of Plaintiff's disability.

2

18.     On or about March 16, 2020, Defendant informed case managers, including Plaintiff, that conducting eligibility processes for patients should be done by phone if practicable.

19.     In or about March 2020, Plaintiff made several inquiries about precautions being taken at the facility in which she worked regarding safety measures to prevent the spread of the coronavirus, for which she was high-risk due to her disability.

20.     On or about April 2, 2020, after Plaintiff inquired of those safety measures, she received a counseling from her supervisor, Nicole Kish ("Kish"), for her "negative attitude," her concerns over the spread of the coronavirus, and Kish's perception that Plaintiff should utilize her paid time off and take leave.

21.     Plaintiff was harassed and retaliated against because she wears a mask all day and stays in her office with the door closed. Kish told Plaintiff that the complaints against her were because she 'distanced' herself from everyone insinuating her distancing was the reason for her counseling for having a negative attitude;

22.     On or about April 3, 2020, Plaintiff made her request to Kish to be excused from taking temperatures of the patients at the facility's entrance and stated she would support the request with a note from her physician.

23.     Taking temperatures of the patients at the facility's entrance is not an essential function of Plaintiff's job.

24.     When Plaintiff requested to be excused from taking temperatures at the front entrance she was called to the office of Leroy Dux, ("Dux"), who was there with another supervisor Monica Collier, ("Collier"), to discuss her disability and underlying medical condition.

25.     Dux and Collier insinuated Plaintiff made up her underlying medical condition and disability.

26.     After the meeting with Dux and Collier, Dux came to Plaintiff's office and said he had discussed Plaintiff's situation with another colleague, James D. Harvey, and told her she should utilize her paid time off and take leave.

27.     Dux then sent Plaintiff a referral for mental health counseling.

28.     On or about April 3, 2020, Plaintiff also requested a grievance form from Defendant's Human Resources Specialist Patricia Mayid ("Mayid").

29.     On or about April 6, 2020, Plaintiff obtained the physician's note for her request to be excused from taking temperatures at the front entrance and provided it to Defendant.

30.     On or about April 7, 2020, Plaintiff filed her grievance with Mayid, stating that she had a disability of which her supervisors were aware and that she was being harassed and discriminated against due to that disability.

31.     On April 7, 2020, Kish sent Plaintiff an evaluation of her work performance stating Plaintiff needed improvement in part because of her "negative attitude."

32.     On or about April 9, 2020, Defendant openly invited employees to work from home.

33.     On  or about April 17, 2020, Plaintiff applied for leave pursuant to the Emergency Family Medical Leave Expansion Act ("EFMLEA").

34.     On or about May 15, 2020, Plaintiff submitted her request to work from home.

35.     Plaintiff provided a physician's note on or about June 9, 2020 to which Defendant's Human Resources replied that Plaintiff still had some time left on her EFMLEA leave request and that upon her return to work, her disability would be accommodated.

4

36.     On or about June 12, 2020, Plaintiff returned to work and requested as a reasonable accommodation to be able to work from home or to be excused from screening the temperatures of patients at the front desk.

37.     On or about June 12, 2020, Plaintiff provided Defendant with her physician's support for her request to work from home.

38.     Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation.

39.     On or about June 19, 2020, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

40.     By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

41.     On or about June 19, 2020, Defendant terminated Plaintiff's employment.

42.     Defendant further retaliated against Plaintiff by sharing its knowledge of her disability and need for an accommodation with another state agency with whom Plaintiff previously worked and had applied to work for again after her employment with Defendant was terminated.

43.     This other state agency declined to hire Plaintiff allegedly because she was not qualified although she had worked for them in the past in the same position for which she was applying. In reality, Plaintiff was not hired because of Respondent's retaliation.

## COUNT I – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

44.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-43 of this Complaint, as though fully set forth herein.

5

45.     Plaintiff is a member of a protected class under the ADA.

46.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

47.     Specifically, Defendant harassed Plaintiff because of her disability and her need to take precautions from contracting the coronavirus.

48.     Defendant's actions were willful and done with malice.

49.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter an injunction restraining continued violation of the ADA;

d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)     Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)     Any other compensatory damages, including emotional distress, allowable at law;

h)     Punitive damages;

i)     Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)      For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27.     Plaintiff realleges and readopts the allegations of Paragraphs 1-9 and 12-43 of this Complaint, as though fully set forth herein.

28.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

29.     Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

30.     Defendant's actions were willful and done with malice.

31.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)      A jury trial on all issues so triable;

(b)      That process issues and that this Court take jurisdiction over the case;

(c)      An injunction restraining continued violation of law enumerated herein;

(d)      Compensation for lost wages, benefits, and other remuneration;

(e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)      Compensatory damages, including emotional distress, allowable at law;

(g)      Punitive damages;

(h)      Prejudgment interest on all monetary recovery obtained;

(i)      All costs and attorney's fees incurred in prosecuting these claims; and

(j)      For such further relief as this Court deems just and equitable.

## <u>COUNT III – ADA RETALIATION</u>

32.     Plaintiff realleges and readopts the allegations of paragraphs 1-9 and 12-43 of this Complaint, as though fully set forth herein.

33.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.     Plaintiff engaged in protected activity under the ADA by reporting Defendant's discrimination.

35.     Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment, denying her reasonable accommodation, and then disparaging her to another state agency such that she could not become re-employed.

36.     Defendant's actions were willful and done with malice.

37.     The adverse employment action that Defendant took against Plaintiff was material.

38.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)     That this Court enter an injunction restraining continued violation of the ADA;

e)      Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)      Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)      Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)      Any other compensatory damages, including emotional distress, allowable at law;

i)      Punitive damages;

j)      Prejudgment interest on all monetary recovery obtained.

k)      All costs and attorney's fees incurred in prosecuting these claims; and

l)      For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (HANDICAP DISCRIMINATION)

50.      Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 10-43 of this Complaint, as though fully set forth herein.

51.      Plaintiff is a member of a protected class under the FCRA.

52.      Defendant harassed Plaintiff because of her disability and her need to take precautions from contracting the coronavirus.

53.      Defendant's actions were willful and done with malice.

54.      Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT V—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

55. Plaintiff realleges and readopts the allegations of Paragraphs 1-7 and 10-43 of this Complaint, as though fully set forth herein.

56. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

57. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

58. Defendant's actions were willful and done with malice.

59. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of  the law enumerated herein;

10

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained;

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

60.     Plaintiff realleges and readopts the allegations of paragraphs 1-7 and 10-43 of this Complaint, as though fully set forth herein.

61.     Plaintiff is a member of a protected class under the FCRA.

62.     Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

63.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

64.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant, and then disparaged her to another state agency such that she could not become re-employed.

65.     Defendant's actions were willful and done with malice.

66.     Defendant took material adverse action against Plaintiff.

11

67.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising  rights under the FCRA;

d)  Compensation for lost wages, benefits, and other remuneration;

e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f)  Front pay;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.


## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of December, 2020.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**